## Ginsburg v. Childs

*Robert Cohen*, for plaintiff David Ginsburg.
*Michael Berlin*, for plaintiff Susan Ginsburg.
*Anton Bigman*, for defendants.

SILVESTRI, *J.*, February 13, 1978—Plaintiff, David S. Ginsburg, herein David, sustained injuries allegedly by reason of the negligence of defendants. On October 31, 1977, David instituted an action in trespass against defendants by Attorney Robert A. Cohen.

On November 10, 1977, Susan C. Ginsburg, by her attorney and with the consent of the attorney for David, obtained an order of court permitting Susan to join as a party plaintiff in the action commenced by David preserving the right of David and/or defendants to file a motion to strike the said joinder and/or file preliminary objections or other responsive pleading as provided by the Pennsylvania Rules of Civil Procedure.

Susan filed a complaint at the same action of David on November 14, 1977. In her complaint Susan incorporated the averments of the complaint of David. Susan further averred: ''3. Plaintiff

Susan C. Ginsburg, being the wife of David S. Ginsburg, has been and will be deprived of her husband's services and support as a result of the injuries sustained by David S. Ginsburg as the result of the actions, inactions and negligence of the defendants as set forth in her husband's complaint," and "4. As a result of the loss of her husband's services and support as set forth in the preceding paragraphs Susan C. Ginsburg has sustained severe monetary loss and will continue to sustain severe monetary loss."

David filed a preliminary objection to the complaint of Susan* in the nature of a demurrer and lack of capacity to sue.

The operative facts for the disposition of the preliminary objection were stipulated to by the parties at oral argument and are (1) that David and Susan are husband and wife; (2) that at the time of the injury to David and all relevant times, David and Susan were separated and living apart from each other; (3) that at the time of the injury to David, there was a valid court order of support requiring David to pay for the support of Susan; and (4) by reason of David's injury a court order was entered reducing the order of support for Susan.

We do not believe the question raised herein is one involving the law of consortium as argued by David, but instead a question of recovery of a fixed amount of support and the value of services lost resulting from a tortious injury. The complaint of Susan is not phrased in terms of consortium but in terms of seeking recovery for loss of support which she was judicially determined to be entitled to and

---

* Defendants other than filing an appearance have filed no pleading either to the complaint of David or Susan.

would otherwise have received but for the tortious conduct of defendants.

The law is well established that when an order of support is reduced or suspended the amount by which the order is reduced does not become an arrearage which may be collected in the future. The amount by which the order is reduced, during the period of reduction, is an amount which cannot be recovered in any present proceeding for support or other proceeding.

A significant element of damage in a personal injury action is that of lost earnings, past and future. Where a person is paying support by way of an order of court and that amount is reduced or suspended for reasons of reduced or absence of income due to a tortious injury, although the order of support may be increased when the person has been cured of the injuries and the earnings returned to the level at the time of the injury, the person is not liable for the difference between the original order and the order as reduced during the period of reduction. However, if the injured person is successful in the personal injury action, a recovery is made for the lost earnings, past and future. The result is that the injured person receives a windfall to the extent that the lost earnings recovered include that amount which would have been paid in compliance with the original order of support. The result is that the recipient of support through no fault of his or her own bears the loss of the amount by which the support order was reduced. Such a result is neither fair nor just under our law. This is not to say that the recipient of the support may recover from the tortfeasor the amount by which the original order of support was reduced and the injured person recovers the full amount of the lost earnings; this

would permit a recovery of damages against the tort-feasor in excess of the loss.

The loss of the injured person would be, inter alia, loss of earnings, past and future; the loss of the recipient of support would be that portion of the injured person's lost earnings representing the difference between the original order of support and the reduced order. The recognition of this loss is implicit in the action taken by David and the inaction of defendants to the joinder of Susan as a plaintiff. Defendants have not raised any pleading in opposition to the joinder of Susan as a plaintiff realizing that if liable to David they are responsible for the loss of earnings of David and the distribution thereof is of no moment to them. David, however, opposes the joinder of his separated wife as a plaintiff realizing that if she is permitted to do so she may recover out of his lost earnings that amount by which the original order of support was reduced. David, who has obtained legal relief from a support order due to injuries resulting in a loss of earnings, now seeks to deny Susan a portion of the loss of earnings which represents the amount he was relieved of paying and for which he would be reimbursed.

Where a valid court order of support has been entered for a specific amount of money, and the person against whom the order of support is entered is injured and unable to comply therewith due to reduced or absence of income and the order of support is reduced or suspended thereby by further order of court, and the injured person brings an action against the person causing the injury, then the recipient of support may join in said action and may recover out of the loss of earnings award made to the injured person an amount equal to the

amount by which the original order of support was reduced for the period of time the reduced order was or will be in effect.

Such claim must be joined with the action of the injured person for it is derivative in the sense that it arises out of the tortious conduct of the tort-feasors but not derivative in the sense as allowing a separate recovery against the tort-feasor, but instead seeks an apportionment of the award of loss of earnings between the injured person charged with the duty of support and the recipient of support. Such apportionment can be made by the factfinder pursuant to oral instructions or interrogatories.

In addition to the loss of support, Susan seeks recovery for loss of services of David. Where a person performs services for another without compensation and such services are substantial and necessary and are performed on a regular basis with a reasonable expectation of their continuance, and the value thereof is reasonably determinable, and those services are terminated or suspended by the negligent conduct of another, the recipient of such services is entitled to recover in a derivative action against the tort-feasor the reasonable value of such services limited, however, by the amount actually paid to another for the performance of such services. Accordingly, if Susan can by proper proofs establish a loss of services of David within the rule herein stated, she properly asserts a derivative claim against defendants.

The preliminary objection of David will be dismissed; however, to avoid further delay for lack of specificity in Susan's complaint, Susan is directed to amend her complaint consistent with this opinion.

## ORDER

And now, February 13, 1978, after argument, consideration of the briefs of the parties and a review of the pleadings, it is ordered and decreed as follows:

1. The preliminary objection of plaintiff, David S. Ginsburg, is dismissed.

2. That Susan C. Ginsburg is directed to amend her complaint within 20 days from the date hereof consistent with this opinion.

